UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

VICTOR JEROME ALLEN,

                         Plaintiff,

      - v -                                  Civ. No. 1:09-CV-711
                                                    (LEK/RFT)

GEICO INDEMNITY COMPANY,

                         Defendant.

APPEARANCES:                             OF COUNSEL:

VICTOR JEROME ALLEN
Plaintiff, *Pro Se*
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court an Amended Complaint (Dkt. No. 6) and a Motion to Proceed *In Forma Pauperis* (IFP) (Dkt. No. 2), filed by *pro se* Plaintiff Victor Jerome Allen, who is currently incarcerated at Albany County Correctional Facility.[1]  Invoking the Court's diversity jurisdiction, Allen alleges that Defendant's "gross negligence and reckless behavior" caused him injuries.  For a more complete statement of Plaintiff's claims, reference is made to the Complaint.

---

[1] Allen amended his Complaint as of right prior to the filing of a responsive pleading.  *See* FED. R. CIV. P. 15(a)(1).

## I. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Plaintiff has submitted an *In Forma Pauperis* Application. The Prison Litigation Reform Act (PLRA), codified in part at 28 U.S.C. § 1915(b), provides that an inmate who seeks *in forma pauperis* status is required to pay over a period of time the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $350.00 for most civil actions. After reviewing Plaintiff's Application, we find that he may properly proceed *in forma pauperis*.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Plaintiff frames his cause of action as one sounding in negligence. He claims that on March 4, 2008, a truck slammed into his vehicle, colliding with the right passenger side, and that he suffered various injuries from this accident. Am. Compl. at ¶ 1. At no point does Allen identify the driver of the truck, nor is it apparent how Defendant Geico Indemnity Company is responsible for the injuries Plaintiff allegedly suffered as a result of this accident. *Id*. In this regard, Plaintiff has failed to state a cause of action for negligence against the named Defendant and dismissal would be appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of his *pro se* status, however, we recommend that prior to dismissing this action, Plaintiff be given one final opportunity to amend his

pleading.

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendant not named in such pleading shall not be a Defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed with this Action *In Forma Pauperis* (Dkt. No. 2) is **granted**;[2] and it is further

**RECOMMENDED**, that this action be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the instructions above.  In any amended complaint that Plaintiff files, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper.  Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

---

[2] Plaintiff should note that although the Application to Proceed *In Forma Pauperis* has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

Date:   August 14, 2009
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge