**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VICTOR JEROME ALLEN,

                              Plaintiff,

              - v -                                        Civ. No. 1:09-CV-711
                                                                   (LEK/RFT)

GEICO INDEMNITY COMPANY,

                              Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

VICTOR JEROME ALLEN
Plaintiff, *Pro Se*
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

### A.  Background

        On June 22, 2009, *pro se* Plaintiff Victor Jerome Allen initiated a civil action with the filing

of a Complaint.  Dkt. No. 1, Compl.  According to that pleading, the genesis for this litigation is a

car accident that allegedly occurred on March 4, 2009, in the city of Schenectady, New York.

Compl. at ¶ 4(1).  Prior to the Court's review of that pleading, Allen, as of right, filed his First

Amended Complaint.  Dkt. No. 6, 1ˢᵗ Am. Compl.; *see also* FED. R. CIV. P. 15(a)(1).  However,

because of the paucity of alleged facts, especially with regard to the personal involvement of the sole

named-Defendant, GEICO Indemnity Company, this Court recommended that Plaintiff be afforded

an opportunity to amend his First Amended Complaint to avoid dismissal of his action.  Dkt. No.

7, Rep.-Rec. & Order, dated Aug. 14, 2009.  On August 31, 2009, the Honorable Lawrence E. Kahn, Senior United States District Judge, adopted our recommendations in their entirety and directed Plaintiff to file another amended complaint.  Dkt. No. 8, Dec. & Order, dated Aug. 31, 2009.  Prior to receiving copies of this Court's Report-Recommendation and Judge Kahn's Order, Plaintiff filed a Second Amended Complaint against GEICO.[1]  Dkt. No. 10.  After sending several correspondences to the Court, and receiving extensions of time, Allen finally filed a Third Amended Complaint, which appeared to address the inadequacies identified by the Court.  Dkt. No. 16.  Then, without prompting, Allen filed a Fourth Amended Complaint.  Dkt. No. 17.  The Fourth Amended Complaint is almost identical to the Third Amended Complaint except it is typed instead of handwritten.  Furthermore, the Fourth Amended Complaint reinstates GEICO as a Defendant; apparently, GEICO was mistakenly omitted from the Third Amended Complaint.  Lastly, the Fourth Amended Complaint supplements a few facts and omits the Third Cause of Action included in the Third Amended Complaint against Rachel Yaroszeufski.

Though Plaintiff did not have permission to file all of these pleadings, in light of his *pro se* status, and because of the medical infirmities he has been suffering, combined with the additional hurdle of maintaining his legal files while being transported back and forth from hospitals to correctional facilities, we shall consider the viability of the most recent pleading, the Fourth Amended Complaint.

---

[1] Attached to his Second Amended Complaint is a letter informing the Court that he never received the Orders referenced above and was seeking permission to amend; other letters similar in nature followed.  *See* Dkt. No. 10 at pp. 1 & 2; *see also* Dkt. Nos. 11, Pl.'s Lt., dated Sept. 4, 2009, & 12, Pl.'s Lt., dated Sept. 28, 2009.  On September 30, 2009, in response to Plaintiff's multiple inquiries, the Clerk of the Court resent copies of the Orders, docket entries numbered 7, 8, and 9.

**B.  Discussion**

In reviewing the newly amended pleading, we find that this Court lacks subject matter jurisdiction and the case should be **dismissed.**

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists.  *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512  (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*).  When subject matter jurisdiction is lacking, dismissal is mandatory.  *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Allen names three Defendants in his Fourth Amended Complaint: 1) Bernard M. Bryant; 2) Rachel Yaroszeufski; and 3) GEICO Indemnity Company.  He also further extrapolates upon the facts underlying his claims for relief.  Basically, Plaintiff was involved in a car accident on March 4, 2009, in the city of Schenectady.  4th Am. Compl. at ¶ 4(1).  Defendant Bernard M. Bryant is alleged to have been driving the vehicle that struck Plaintiff, while Rachel Yaroszeufski is alleged to be the owner of the vehicle who gave Bryant permission to operate said vehicle.  *Id*. at ¶ 4(2).  Apparently Ms. Yaroszeufski obtained insurance for the vehicle through Defendant GEICO Indemnity Insurance.  *Id*. at ¶ 4(3).

Allen claims the jurisdictional basis for his action is 28 U.S.C. § 1331, the statue which sets forth this Court's federal question jurisdiction.  But Allen's claims sound in negligence or gross negligence.  *Compare* Dkt. No. 1, Compl., *with* Dkt. No. 6, 1st Am. Compl., *with* Dkt. No. 10, 2d

Am. Compl., *with* Dkt. No. 16, 3d Am. Compl., *with* Dkt. No. 17, 4th Am. Compl.  Nowhere does

Allen invoke any federal constitutional provision, law, or treaty that support the claims stated

therein.  In light of his *pro se* status, we consider whether the Court has subject matter jurisdiction

under 28 U.S.C. § 1332, the statute conferring diversity jurisdiction. For diversity jurisdiction to

exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are
> additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of
> a State or of different States.

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which

is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to

make the state a home."  *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999)

(quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)).

Corporations are deemed to be "a citizen of any State by which it has been incorporated and of the

State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

    In the "Parties" section of the Fourth Amended Complaint, Allen provides a Coxsackie, New

York address for himself,[2] and Burnt Hills, New York, as the addresses for Defendants Bryant and

Yaroszeufski.  4th Am. Compl. at ¶¶ 2-3.  GEICO Indemnity Company is listed with a Washington,

D.C., Address, *Id.* at ¶ 3, but Plaintiff does not state, in any of his pleadings, GEICO's place of

---

[2] Allen is currently incarcerated at Coxsackie Correctional Facility.

incorporation.[3]  Upon closer review of the pleading, this Court is baffled as to Defendant GEICO's liability.  No causes of action or factual allegations of wrongdoing are asserted directly against GEICO.  The only mention of GEICO in Plaintiff's Fourth Amended Complaint (and all other prior pleadings) is a reference to its role as the insurance company purchased by Ms. Yaroszeufski to cover the vehicle that was involved in the car accident at issue.  There are no allegations against GEICO implicating it in any wrongdoing, thus, we recommend **dismissing** GEICO from this action due to lack of personal involvement.

As for the remaining Defendants, there may be enough facts pled to pursue the state claims of negligence and vicarious liability, however, having recommended dismissal of GEICO, the remaining parties are from the same state, thus defeating any hopes of invoking this Court's diversity jurisdiction.  The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'n , Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (citations omitted).  Because Plaintiff has failed to establish the basis for the Court's subject matter jurisdiction, dismissal is mandated.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant GEICO be **dismissed** from this action due to the lack of personal involvement and Plaintiff's Fourth Amended Complaint (Dkt. No. 17) be **dismissed** for failure to establish subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

---

[3] Upon information and belief, GEICO is incorporated in the State of Maryland.  *See* Attach. 1, GEICO website, *available at* http://www.geico.com/about/states-of-operation/ (noting all GEICO companies are "domiciled" in Maryland).

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   December 15, 2009
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge